# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6895 | **DATE** | 11/14/2003 |
| **CASE TITLE** | William E. Dugan vs. Carpentersville Quarry | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Carpentersville's counsel are granted until November 25, 2003 to file in this Court's chambers a self-contained Amended Answer that eliminates the flaws referred to here. If such a filing is made, the existing Answer will be stricken from the files -- but if no timely filing is made, all of the allegations of the Complaint that correspond to the Answer's paragraphs referred to here will be deemed to have been admitted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | NOV 17 2003 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | 11/14/2003 | |
| SN | courtroom deputy's initials | date mailed notice | |
| | | SN | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM E. DUGAN, et al., )
)
        Plaintiffs, )
)
v. ) No. 03 C 6895
)
CARPENTERSVILLE QUARRY, INC., )
)
        Defendant. )

MEMORANDUM ORDER

DOCKETED
NOV 1 7 2003

After having requested and received an extension of time to file a responsive pleading in this ERISA action that seeks to recover unpaid employee welfare benefit plan contributions, counsel for defendant Carpentersville Quarry, Inc. ("Carpentersville") have tendered what purports to be an Answer. Because that pleading contains several basic errors, this memorandum order is issued sua sponte to require that those errors be cured promptly.

To begin with, it is noted parenthetically that counsel has not complied with the requirements of this District Court's LR 10.1. Though that noncompliance may be just an annoyance (as should be apparent to counsel in light of the LR's obvious purpose), practitioners in this District Court are expected to be more familiar with--and to comply with--such local rules.

More substantively, despite the clear roadmap that has been marked out by the second sentence of Fed. R. Civ. P. 8(b) as to what must be said to get the benefit of a deemed denial, Answer ¶2 does not follow that path. In that respect, see App. ¶1 to

State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001).

Next, Answer ¶¶3 and 4 contain impermissible references to documents that "speak for themselves"--on that score, see App. ¶3 to State Farm. And that is not just a quibble, for at a minimum there are grave doubts as to whether Carpentersville can in objective good faith deny a substantial number of the allegations of Complaint ¶4.

Accordingly Carpentersville's counsel are granted until November 25, 2003 to file in this Court's chambers (with a copy of course being transmitted to plaintiffs' counsel) a self-contained Amended Answer that eliminates the flaws referred to here. If such a filing is made, the existing Answer will be stricken from the files--but if no timely filing is made, all of the allegations of the Complaint that correspond to the Answer's paragraphs referred to here will be deemed to have been admitted.

Finally, no charge is to be made to Carpentersville by its counsel for the added work and expense incurred in correcting counsel's errors. Carpentersville's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge

Date: November 14, 2003